UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY FLENAUGH,

                    Plaintiff,

     v.

United States of America,

                    Defendant.

CASE NO. 3:25-cv-06099-LK

ORDER DISMISSING COMPLAINT

This matter comes before the Court sua sponte. On February 2, 2026, United States Magistrate Judge Theresa L. Fricke granted Plaintiff Tiffany Flenaugh's application to proceed *in forma pauperis* but recommended that the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 10 at 1. Having reviewed the amended complaint,[1] Dkt. No. 13, the balance of the record, and applicable law, the Court dismisses Ms. Flenaugh's amended complaint for the reasons set forth below.

---

[1] Flenaugh filed an amended complaint on February 25, 2026, Dkt. No. 13, despite Judge Fricke's instruction that "further filings submitted by Plaintiff will not be considered until after the assigned District Judge completes their review under 28 U.S.C. § 1915(e)(2)(b)." Dkt. No. 10. at 1. The Court nonetheless treats the amended complaint as the operative pleading and determines that it must be dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

ORDER DISMISSING COMPLAINT - 1

# I.    BACKGROUND

Ms. Flenaugh's complaint states that "[t]his civil action arises under the laws of the State of Washington," and "this court has subject matter jurisdiction because the plaintiff seeks the recovery of money damages where the amount claimed . . . does not exceed $100,000 for each attendant as per [Washington Revised Code] 3.34[.]" Dkt. No. 13 at 1. Ms. Flenaugh's complaint is hard to decipher. As best as the Court can surmise, Ms. Flenaugh's claims stem from supervision by U.S. Probation and Pretrial Services after Ms. Flenaugh's supervised release was transferred to this judicial district—she asserts that "[t]he negligence surrounding the case since the start (October of 2021) of her probation is overwhelming[.]" *Id.* at 2.

Ms. Flenaugh claims to have submitted "numerous complaints to the United States Officials for negligence and intentional infliction of emotional distress." *Id.* at 3. She highlights one incident where a drug test was administered by Probation Officer Kayli Earcett, who is a defendant in a case brought by Ms. Flenaugh in the District of Alaska. *Id.* (referring to *Flenaugh v. Earcett*, No. 4:24-cv-00005-JMK (D. Alaska)). Ms. Flenaugh alleges that Earcett administrating her drug test was a "conflict of interest" that put Ms. Flenaugh "in a position where [she] suffered damages mentally." *Id.* Ms. Flenaugh "sought care with a helping professional" and then "checked into the emergency room for nausea, stomach upset and anxiety and prescribed medication[.]" *Id.* She "never thought she would endure such persistence from Earcett after the first complaint, which is extreme"; she avers that the "USPO doesn't seem to be in support of maximizing the success of the parolee." *Id.*

Ms. Flenaugh cites to the "Guide to Judiciary Policy" regarding transfer of supervision, and concludes by stating "[t]he lack of consideration, as well as the outrageous conduct from probation has affected [Flenaugh's] ability to move forward with her life causing [her] to suffer

ORDER DISMISSING COMPLAINT - 2

damages mentally, psychologically and physically." *Id.* at 4. Ms. Flenaugh seeks monetary damages. *Id.* at 4–5.[2]

## II.  DISCUSSION

### 1.  Legal Standard

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019). Indeed, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This includes the issue of standing. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) ("[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing.") (citation modified). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). The Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction" over the case. Fed. R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a plaintiff's complaint if her claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

---

[2] Flenaugh makes various other assertions about "Pioneer Human Services," *id.* at 4, but the Court cannot detect how these are related to the named defendant.

ORDER DISMISSING COMPLAINT - 3

    2.   <u>Ms. Flenaugh's Complaint Must Be Dismissed</u>

Ms. Flenaugh's amended complaint must be dismissed for multiple reasons. First, the amended complaint fails to establish an Article III injury. The Court is unable to determine how the alleged conduct of U.S. Probation and Pretrial Services—such as the administration of a drug test by Earcett, even assuming it was a conflict of interest—is traceable to any of the injuries alleged by Ms. Flenaugh. *See Clapper*, 568 U.S. at 409. For example, it is not evident how the administration of the drug test resulted in Ms. Flenaugh's mental distress and subsequent hospitalization. Moreover, it is not clear that any of the alleged conduct—such as the purported conflict of interest—was wrongful. Indeed, the United States District Court for the District of Alaska dismissed Ms. Flenaugh's complaint against Earcett, which served as the basis for Earcett's purported conflict of interest, during statutory screening. *Flenaugh v. Earcett*, No. 4:24-cv-00005-JMK, Dkt. No. 6 (D. Alaska Jul. 3, 2024). For those reasons, Ms. Flenaugh fails to establish an Article III injury, and the Court must dismiss her complaint.

Next, Ms. Flenaugh's amended complaint fails to state a claim on which relief may be granted. Although Ms. Flenaugh uses words like "deliberate indifference," "libel," and "civil rights," Dkt. No. 13 at 2 (capitalization removed), and selected "contract," "torts", and "civil rights" as the nature of her suit on the cover sheet, Dkt. No. 1-2 at 1, she fails to connect any factual allegations to those potential claims. She also fails to include relevant dates and other facts detailing the "who, what, where, when, and why" necessary for the Court to understand what she is alleging. *See* Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain factual content sufficient to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged"). While pro se pleadings must be liberally construed, they must "meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

ORDER DISMISSING COMPLAINT - 4

The amended complaint fails to do so here, including only vague, disconnected allegations sounding in "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Moreover, Ms. Flenaugh appears to only allege violations of Chapter 3.34 of the Washington Revised Code, which pertains to state district judges, not federal district judges or the probation and pretrial services staff that is employed by the district court. Because the Court cannot discern any cognizable cause of action in the complaint, it must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Finally, a plaintiff suing the United States must identify an unequivocal waiver of its sovereign immunity, *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998), which Ms. Flenaugh does not do, *see generally* Dkt. No. 13. She therefore fails to identify a basis for the Court's subject matter jurisdiction.

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Because amendment may be possible, the Court grants leave to file an amended complaint. However, this Order limits Ms. Flenaugh to the filing of a second amended complaint that attempts to cure the specific deficiencies identified in this Order.

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Ms. Flenaugh's amended complaint, Dkt. No. 13, with limited leave to amend as described above. Ms. Flenaugh's second amended complaint, should she choose to file one, must clearly identify the basis for this Court's subject matter jurisdiction and must provide a short and plain statement of the factual basis of her claim as required by Federal Rule of Civil Procedure 8. A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

ORDER DISMISSING COMPLAINT - 5

1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Flenaugh believes support the claim, and the specific relief requested. If Ms. Flenaugh does not file a proper amended complaint by April 9, 2026, the Court will dismiss this action and close this case.

The Clerk is directed to send an uncertified copy of this Order to Ms. Flenaugh at her last known address.

Dated this 19th day of March, 2026.

Lauren King
United States District Judge

ORDER DISMISSING COMPLAINT - 6